UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                  Case No. 05-10976-WRS
                                                                       Chapter 13
CATHY C. OWENS,

     Debtor

## MEMORANDUM DECISION

This Chapter 13 case came before the Court for an evidentiary hearing on November 2, 2005, upon the Motion for Relief From the Automatic Stay filed by Fedapostal Federal Credit Union on August 17, 2005. (Doc. 19).[1] The Debtor was present in person and by counsel Michael D. Brock. Fedapostal Federal Credit Union was present by counsel William C. Elliott. The Credit Union seeks to foreclose its mortgage on the Debtor's home. For the reasons set forth below, the motion is DENIED.

## I. FACTS

Cathy Owens filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on May 9, 2005. Schedules on file with the Court indicate that she owns a house which she values at $93,355. (Doc. 1, Schedule A). The house is subject to a mortgage in favor of the Credit Union. The Schedules indicate that the mortgage balance due the Credit Union is $76,230. (Doc. 1, Schedule D). The difference in these two figures indicates that Owens has equity in the amount of $17,125, in her home. Owens filed a Chapter 13 Plan which provides

---

[1] Fedapostal Federal Credit Union filed a Motion for Relief From the Automatic Stay on June 29, 2005 (Doc. 12), seeking to repossess a Ford F-150 pickup truck. That motion was granted, with the Debtor's consent, on July 1, 2005. (Doc. 14). All further references in the Memorandum Decision are to the August 17 motion.

that she will keep her home and continue to make the monthly payments directly to the Credit Union. (Doc. 2). Owens testified that she was current in her monthly mortgage payments at the time she filed bankruptcy.

On August 17, 2005, the Credit Union filed a Motion for Relief From the Automatic Stay (Doc. 19). The Credit Union alleges that it lacks adequate protection for its interest in the property claiming a postpetition default in payments and a lack of insurance. The Court notes that the Credit Union's motion is defective in that it fails to comply with LBR 4001-1 (Local Bankruptcy Rules of the United States Bankruptcy Court for the Middle District of Alabama). Specifically, LBR 4001-1(c)(2)(A), requires that a party seeking relief from the automatic stay on the grounds of a postpetition default in payments, identify each period in which a payment was not received. The purpose of this rule is to facilitate the resolution of payment questions without the Court's intervention. If a creditor merely alleges a default in payments, without identifying the months not paid, the debtor has no feasible way to respond to the creditor's motion. In addition, if it is the creditor's practice to apply each payment received to the earliest month in arrears, leaving the most recent month's payment due, the parties are left with the problem of cascading delinquencies.

This problem may be illustrated with the following hypothetical situation. Assume that a debtor fails to make his January and February payment. Assume further that he then makes payments in March, April and May. If it is the creditor's practice to apply payments to the earliest month in default, then the creditor may claim that the debtor is due for April and May. In response, the debtor will produce proof of the April and May payments. Therefore, the creditor

2

should identify the months in which it claims that it has not received a payment and not merely the months which it claims is due. The purpose of LBR 4001-1(c)(2)(A), is to put the Court, the creditor and the debtor on the same page. Where, as here, the creditor fails to comply with this requirement, the Court will find for the Debtor.

The Debtor answered the Credit Union's motion and denied that she was in arrears in her mortgage payments. (Docs. 21, 24). The Court heard evidence on November 2, 2005. The Debtor offered testimony and documents showing that all payments from May 2005 forward had been made. A problem arose in June of 2005, as Owens made a payment in the amount of $403.00, while the amount actually due was $702.70. Therefore, Owens was in arrears in the amount of $299.70. Owens cured the postpetition delinquency in October of 2005, when she made a payment in the amount of $1,002.83, thereby satisfying her obligation for October as well as paying the delinquency which had accrued in June.

The Credit Union offered the testimony of Rene Eitam, a Collection Officer, who testified that Owens was one monthly payment in arrears as of the date of the petition and that a payment which had been made on May 2, 2005, had been applied to the Debtor's obligation for the month of March of the same year. The evidence was somewhat confused on this point, however, the Court finds, having heard the evidence, that when Owens made her October 2005 payment, that she was current in her postpetition obligation to the Credit Union. There is a dispute as to whether there was a prepetition delinquency, however, that question is not at issue here and the Court need not make that determination in the context of this contested matter.

3

## II.  LAW

This motion for relief from the automatic stay is a contested matter over which the Court has subject matter jurisdiction.  28 U.S.C. § 1334; see also, Rule 9014, Fed. R. Bankr. P..  This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).  Motions for relief from the automatic stay are governed by the provisions of 11 U.S.C. § 362(d), which provides in part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

The Credit Union contends that it lacks adequate protection for its interest in the Debtor's home due to a default in postpetition payments. The Court would first observed that even if Owens had been delinquent on her postpetition mortgage obligation, that fact in and of itself would not necessarily result in a finding that the Credit Union lacks adequate protection for its interest in its collateral.  See, Green Tree Acceptance, Inc., v. Hoggle (In re: Hoggle), 12 F.3d 1008 (11th Cir. 1994)(Debtor permitted to cure postpetition default in home mortgage by amending Chapter 13 Plan as a basis to deny a motion for relief from automatic stay denied). Rather, a default in postpetition payments is a relevant fact which should be considered in conjunction with other relevant facts and circumstances in making a determination as to whether a finding of a lack of adequate protection should be made.  As the Court has found that Owens

4

was not in fact in default on postpetition payments, its inquiry is over. The Court will deny the

Credit Union's Motion for Relief from the Automatic Stay by way of a separate order.

Done this 4th day of April, 2006.

                                                  /s/ William R. Sawyer
                                                  United States Bankruptcy Judge

c: Michael D. Brock, Attorney for Debtor
   William C. Elliott, Attorney for Creditor
   Curtis C. Reding, Trustee

Case 05-10976    Doc 31    Filed 04/06/06    Entered 04/06/06 09:18:28    Desc Main
Document    Page 5 of 5